**Arthur J. FULCHER, Jr., Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 78–1552.**

United States Court of Appeals,
Fourth Circuit.

Argued April 5, 1979.

Decided Aug. 3, 1979.

Daniel D. Khoury, Manteo, N. C. (Christopher L. Seawell, Aldridge & Seawell, Manteo, N. C., on brief), for appellant.

Robert L. Klarquist, Dept. of Justice, Washington, D. C. (James W. Moorman, Asst. Atty. Gen., Washington, D. C., George M. Anderson, U. S. Atty., Bruce H. Johnson, Asst. U. S. Atty., Raleigh, N. C., Charles E. Biblowit, Dept. of Justice, Washington, D. C., on brief), for appellee.

Before BRYAN, Senior Circuit Judge, HALL, Circuit Judge, and WARRINER *, District Judge.

K. K. HALL, Circuit Judge:

The single issue presented in this appeal is the validity of the United States' title to property taken in a condemnation proceeding, where no actual notice of the proceedings was sent to the property's owner although his identity could have been discovered by a diligent title search. We hold that title passes when the government has properly invoked the *in rem* jurisdiction of

---

* Honorable D. Dortch Warriner, United States District Judge for the Eastern District of Virginia, sitting by designation.

the condemnation court, and that no action can thereafter be maintained under 28 U.S.C. § 2409a to question that title.

Arthur J. Fulcher brought this action under § 2409a claiming present title to certain property now a part of the Cape Hatteras National Seashore Area in Dare County, North Carolina. The United States moved to dismiss, contending that title passed as a matter of law once the *in rem* judgment on its condemnation was entered under 40 U.S.C. § 258a.[1] The district court dismissed the action noting that, at best, plaintiff has a right of compensation which is recognized exclusively under the Tucker Act, 28 U.S.C. §§ 1346 and 1491.[2] We agree and affirm.

The property in question was the subject of condemnation proceedings brought by the government in 1959. In those proceedings a complaint and a Declaration of Taking were filed by the government. § 258a. Notice of condemnation was published in a local newspaper. Actual notice was sent to Stanley Wahab who, as a title holder of record, was believed to be the true owner of the tract now claimed by Fulcher. Judgment on the Declaration of Taking was entered, and then judgment embracing title to the tract here in question was entered stating that title had previously been vested in Wahab. Compensation in the amount of $18,825.40 was paid to Wahab.

In 1977, eighteen years later, Fulcher brought this action under § 2409a. In essence, he contends that the condemnation court's *in rem* jurisdiction was vitiated as a result of the government's failure to give actual notice to his ancestors, whose identities could have been discovered by a reasonably diligent title search. He claims that such a title search would have revealed that the subject property was deeded to his ancestors ten years before their grantor made a second deed to Wahab. Since his ancestors' deed was recorded before Wahab's,

North Carolina law would hold them to be the owners at the time of condemnation.

In support of his complaint, Fulcher relies upon our holding in *United States v. Chatham*, 323 F.2d 95 (4th Cir. 1963). His reliance is misplaced. In *Chatham*, the condemnation court's jurisdiction was held lacking due to "outrageously inexcusable" conduct by the government. *Id.* at 99. Possession was not assumed for seven years after condemnation and no service of process was executed other than publication notice, which we found to be "not only unenlightening but positively misleading." *Id.* at 100. Given such unusual conduct, we concluded that jurisdiction over the property had not been invoked, and we emphasized that the owners could have been identified easily—most notably without resort to the complexities of state property law and title searches. At the time of condemnation the owners had previously lived on the land for more than 25 years and were commonly known in the area as the owners in fact. One of the owners' sons resided two miles from the property and collected rent from the tenant in possession. The tenant in possession worked the disputed property as part of his fields and pasturelands and, if asked but a single, simple question, would have readily identified the owners as his landlords. We also acknowledged that the owners could have been identified from their record title and from property taxation lists.

We think *Chatham* is wholly distinguishable from plaintiff's case. *See United States v. Haddon*, 550 F.2d 677 (1st Cir. 1977). Fulcher does not base his claim of title upon an alleged insufficiency of publication notice or notice posted on the property. He does not contend that his ancestors' interest was easily discoverable by a view of the property. He only contends that it appeared as a matter of public record and

---

1. The government also raised the affirmative defense of the twelve-year limitation period of § 2409a, but no ruling was made by the district court on this defense.

2. The statute creating an action to quiet title expressly excludes from its scope all bare

claims for compensation which "may be or could have been brought" under §§ 1346 or 1491 of the Tucker Act. § 2409a(a). We express no opinion regarding plaintiff's rights under the Tucker Act.

would have been discovered by a diligent title search, which is required in federal condemnation suits by Rule 71A of the Federal Rules of Civil Procedure. Assuming the facts to be true as we must do on a motion to dismiss, we think his attack on the condemnation proceedings falls short.

The purpose of condemnation proceedings is to convert the private use of property into some public use for the public good. A necessary consequence of this conversion is the extinguishment of private rights in the property. *Norman Lumber Co. v. United States,* 223 F.2d 868, 870 (4th Cir.), *cert. denied* 350 U.S. 902, 76 S.Ct. 181, 100 L.Ed. 792 (1955). The power of government to extinguish private rights is an attribute of sovereignty and as such is superior to and independent of private rights of property. However, the sovereign right is limited by the Fifth Amendment's requirement of due process and just compensation. *Albert Hanson Lumber Co. v. United States,* 261 U.S. 581, 587, 43 S.Ct. 442, 67 L.Ed. 809 (1923).

In *Schroeder v. City of New York,* 371 U.S. 208, 83 S.Ct. 279, 9 L.Ed.2d 255 (1962), the Supreme Court held that due process was not satisfied by publication notice alone where no signs were posted on the property and no personal notice was sent to the owner, although her name was readily ascertainable from both deed records and tax rolls. The Supreme Court never questioned the condemning body's title to the property, but rather limited its discussion to the minimum due process requirements necessary to foreclose an individual's right to be heard on a claim of compensation for taking. *See United States v. Chatham,* 323 F.2d at 99. Implicit in the Court's careful analysis was its acceptance that condemnation proceedings are proceedings against property and, as such, are an exception to the general rule that no persons are bound by a judgment except those who are parties to the proceeding and have had an opportunity to be heard. *See Dupasseur v. Rochereau,* 88

U.S. (21 Wall.) 130, 22 L.Ed. 588, 591 (1875). In an *in rem* proceeding, "all persons having any interest in the thing are deemed parties, and have the right to intervene *pro interesse suo;* and if after the lawful publications of notice have been made, they fail to do so, they are considered as having acquiesced in the exercise of jurisdiction." *Id.*

A condemnation proceeding "is not the taking of rights of designated persons, but the taking of the property itself," and "[w]hen property is condemned, the amount paid for it stands in the place of the property and represents all interests in the property acquired." *Eagle Lake Improvement Co. v. United States,* 160 F.2d 182, 184 (5th Cir. 1947) (citation and emphasis omitted.) In the recent case of *Shaffer v. Heitner,* 433 U.S. 186, 206, 97 S.Ct. 2569, 53 L.Ed.2d 683 (1977), the Supreme Court reaffirmed its holding in *Schroeder v. City of New York, supra,* and cited with approval to an annotation discussing that case, which begins,

> As to the necessity of notice, as a matter of due process, in proceedings for the condemnation of real property, a distinction has been made between the taking of the property and the determination of just compensation. Where the taking of property is for a public use, the due process clause of the Fourteenth Amendment does not require that the necessity and expediency of the taking be determined upon notice and hearing. However, with respect to the compensation for the taking, due process requires that the owner be given reasonable notice of, and an opportunity to be heard in, the pending proceedings. (footnote omitted)

89 A.L.R.2d 1398, 1405.

Therefore, we see no reason to look behind the clear terms of § 258a which provide that title passes to the government upon its filing of a declaration of taking and deposit of estimated compensation in the registry of court.[3] We think the

---

**3.** In several cases not involving § 258a it has been held that due process prevents title from passing until payment is received by owners who were known and represented in the pro-

ceedings. *Cherokee Nation v. Southern Kansas Ry. Co.,* 135 U.S. 641, 659–60, 10 S.Ct. 965, 34 L.Ed. 295 (1890); *Albert Hanson Lumber Co. v. United States,* 261 U.S. 581 at 587, 43

298

government's title becomes indefeasible upon the judgment of taking and payment of compensation to the apparent record owner, leaving the true owner only a claim for money damages. *See Catlin v. United States,* 324 U.S. 229, 241–43, 65 S.Ct. 631, 89 L.Ed. 911 (1945); *Norman Lumber Company v. United States,* 223 F.2d at 870–71.

In this case, the substance of plaintiff's complaint is that payment was made to the wrong party. If so, then plaintiff may pursue a remedy against the United States for money damages under the Tucker Act but may not pursue a collateral attack under § 2409a upon the final judgment of a condemnation court based solely upon deficiencies in actual notice to owners who are unknown. *United States v. Ivie,* 163 F.Supp. 138, 143 (N.D.Ga.1957). *See United States v. Chatham,* 323 F.2d at 100, n. 5; *United States v. Haddon,* 550 F.2d at 680–681. Finally, the issue of whether a condemning body is charged with knowledge of what a diligent title search would reveal, requiring that actual notice be given before compensation is foreclosed, is a matter properly addressed in federal court only under the Tucker Act in the context of the owner's right to money compensation. *See Schroeder v. City of New York, supra; Shaffer v. Heitner, supra.*

The judgment of the district court dismissing plaintiff's quiet title action is

*AFFIRMED.*

WARRINER, District Judge, dissenting:

The statute under which plaintiff seeks relief, 28 U.S.C. § 2409a [1], is perfectly suited to his complaint. It may be that for any number of reasons defendant United States will prevail in the suit, but on a motion to dismiss we must recognize that plaintiff alleges he is "the owner and seized in fee simple" of the real property in question. He alleges further that the United States "claims an interest in the said lands adverse to the plaintiff." Finally, he alleges and shows how the claim of the United States constitutes a cloud on his title.

When Congress enacted the legislation permitting such suits it could not have envisioned more apt allegations than those set forth by plaintiff in the complaint. Yet the majority would affirm a dismissal because the United States obtained title by means of condemnation. I am unable to concur.

Within § 2409a(a) are listed eight distinct statutory exceptions to the general rule that the United States is subject to suit to remove a cloud on title.[2] Had Congress intended to exempt from suit lands acquired for the United States by condemnation, a not uncommon means of acquisition, Congress would have listed the condemnation statute among the other exemptions. Congress did not do so, and I am unable to read the condemnation statute into the list by judicial interpretation.

S.Ct. 442, 67 L.Ed. 809. These cases do not address our issue of the rights of unknown owners when *in rem* jurisdiction supports a final judgment of condemnation. *See generally Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 314–17, 70 S.Ct. 652, 94 L.Ed. 865 (1950); *Shaffer v. Heitner,* 433 U.S. at 207–08, 97 S.Ct. 2569.

1. 28 U.S.C. § 2409a(a) reads in pertinent part: The United States may be named as a party defendant in a civil action under this section to adjudicate a disputed title to real property in which the United States claims an interest . . . .

2. In addition to trust or restricted Indian lands, § 2409a(a) does not apply to or affect actions which may be brought under the following statutory provisions: 28 U.S.C. § 1346(b) (claims against the U.S. for injury or loss of property caused by the negligent or wrongful act of a government employee); 28 U.S.C. § 1347 (civil action for partition commenced by a tenant in common or joint tenant when the U.S. is one of the tenants in common or joint tenants); 28 U.S.C. § 1491 (Court of Claims empowered to hear claims against the U.S.); 28 U.S.C. § 2410(a)(1) (U.S. may be named a party in a civil action or suit to quiet title to real property on which the U.S. has a mortgage or other lien); I.R.C. § 7424 (U.S. may intervene to assert a lien on the property subject to a suit); I.R.C. § 7425(a)(1). (If U.S. is not joined as a party, a judgment with respect to property on which the U.S. has a lien shall be made without disturbing that lien); I.R.C. § 7426(a)(1) (Plaintiff claiming an interest in property subject to wrongful levy may bring action against U.S.); 43 U.S.C. § 666(a) (U.S. may be joined as defendant in suits for adjudication of water rights).

The majority in holding that condemnation titles are exempt, seeks to refute plaintiff's claim to the contrary by distinguishing *United States v. Chatham*, 323 F.2d 95 (4th Cir. 1963). *Chatham* was decided in 1963 while § 2409a was adopted in 1972. The limited rights a claimant had under *Chatham* are no longer of consequence. Congress, by enacting § 2409a, created a new cause of action. *Pocono Pines Corp. v. Pennsylvania Game Comm'n.*, 464 Pa. 17, 345 A.2d 709, 712 (1975). Plaintiff's rights now must be analyzed in light of the language of the statute. That the facts of *Chatham* are distinguished is of small moment when it is manifest that the allegations of the complaint fit the statute.

I believe the complaint cannot be dismissed on defendant's motion and therefore I would reverse and remand for further proceedings.