UNITED STATES of America,
Appellant,

v.

Bill R. HERRING, Appellee.

No. 83–2429–EA.

United States Court of Appeals,
Eighth Circuit.

Submitted June 14, 1984.

Decided Dec. 14, 1984.

Donald T. Hornstein, Dept. of Justice, Washington, D.C., for appellant.

Roy Gene Sanders, Little Rock, Ark., for appellee.

Before BRIGHT and McMILLIAN, Circuit Judges, and LIMBAUGH,* District Judge.

LIMBAUGH, District Judge.

This is a quiet title action in which appellee Bill R. Herring invokes the provisions of the Quiet Title Act, 28 U.S.C. § 2409a against the United States of America to determine title to certain land.

In 1960, the federal government acquired fee title to three acres of real property located in Cleburne County, Arkansas. The three acres were part of a larger tract of land (Tract 2118), which was condemned by the United States for a flood control project. The government acquired the property by filing a declaration of taking and depositing funds in the Federal District Court in the Western District of Arkansas, pursuant to the Declaration of Taking Act, 40 U.S.C. § 258a.

Also pursuant to the Act, and Rule 71A, the government sought to locate the condemnees and to serve them personally with notice of the condemnation proceedings. Appellee Herring's whereabouts were not ascertained, evidently due to some mistaken belief by the government that Herring only held certain mineral interests within Tract 2118. Actually, Herring was the owner, in fee of three acres within Tract 2118. Although notice impleading all unknown owners was published in a local Arkansas paper, Herring, living at that time in Arizona, did not file an answer or enter an appearance in the condemnation proceeding and apparently was unaware of the taking. On August 13, 1962, compensation in the amount of $575.00 was paid to A.L. Clark, the record owner of the entire Tract 2118.

Seventeen years later, in December of 1979, Herring discovered that Tract 2118 had been condemned which tract included Herring's three acres. Herring brought this action in 1980 pursuant to the provisions of the Quiet Title Act, alleging defects in the government's title to the property and asking the district court to have him declared the rightful owner. The district court held that the inadequacies of the government's notice to Herring voided the declaration of taking and Herring continued to own fee title in the three acres. For the reasons set forth herein, we reverse the order of the district court and remand for further proceedings on the question of just compensation.

This case involves not only the proper construction of the Quiet Title Act, 28 U.S.C. § 2409a, but of the Declaration of Taking Act, 40 U.S.C. § 258a as well. Thus, when the government acquires title to real estate following condemnation proceedings under the Declaration of Taking Act, the issue is whether the validity or substance of the title may be ascertained pursuant to the Quiet Title Act.

In a very scholarly opinion, the trial court held the original notice by the government in the declaration of taking proceedings in 1960, was insufficient and did not afford Herring basic due process rights of notice and hearing. The Court then decided that the Quiet Title Act was the proper statutory authority to use in divesting the government of its claimed title. The effect of this decision is to vest title in appellee Herring and require the government to recondemn the three acres, if it now chooses to do so, and pay Herring for his land at today's values.

The United States argues that when title to land is acquired by it under the proce-

* The Honorable Stephen N. Limbaugh, United States District Judge for the Eastern and West-

ern Districts of Missouri, sitting by designation.

dures of the Declaration of Taking Act, such title cannot be collaterally attacked on the basis of an alleged failure to provide adequate notice of condemnation to the landowner. Herring, the landowner, is not without a remedy, however, as he can still present his claim for just compensation against the United States following the provision of the Tucker Act, 28 U.S.C. § 1346 and 1491 or those in 28 U.S.C. § 1346(a)(2).

The government maintains, further, that even if its title can be collaterally attacked, legal title vested in it at the time of taking in 1960, subject to an equitable right in a landowner having no notice of the proceedings to receive just compensation in further proceedings. In either event, the landowner Herring would receive just compensation for his three acres at 1960 values, plus interest.

■ This Court holds that the Quiet Title Act can be invoked to ascertain title on challenge after the government has acquired ostensible title through condemnation under the Declaration of Taking Act. As legal title is determined to be in the government, we do not decide if the Quiet Title Act can be invoked to divest. the government of title and to vest the title in another party.

The Declaration of Taking Act, 40 U.S.C. § 258a, mandates that a condemnation proceeding is a two-step process. First, it provides that:

> "Upon the filing [of] said declaration of taking and of the deposit in the court, to the use of the persons entitled thereto, of the amount of the estimated compensation stated in said declaration, title to the said lands in fee simple absolute, or such less estate or interest therein as is specified in said declaration, shall vest in the United States of America, and said lands shall be deemed to be condemned and taken for the use of the United States, ...."

The purpose of the Declaration of Taking Act is to establish a procedure in which the government's title to property is completely settled at the outset, thereby allowing the government to proceed with public projects in advance of time consuming proceedings concerning valuation. See H.R. Rep. No. 2086, 71st Cong., 3rd Sess. 1; 74 Cong.Rec. 777, 778 (Dec. 15, 1930) (statements of Rep. Graham).

■ The validity of the government's title under a declaration of taking is not conditional on the specific results of the subsequent condemnation proceeding except in cases where an issue concerning the statutory validity of the taking arises. In those cases, the government takes only a defeasible title. *Catlin v. United States,* 324 U.S. 229, 241, 65 S.Ct. 631, 637, 89 L.Ed. 911 (1945). In the present case, Herring does not suggest that the government lacked the proper statutory authority to acquire property for the flood control project. Thus, the nature of the government's title in this case is best described as "indefeasible", *Fulcher v. United States,* 632 F.2d 278, 281 (4th Cir.1980) or "absolute", *Covered Wagon, Inc. v. Commissioner, Internal Revenue,* 369 F.2d 629, 633 (8th Cir.1966), and 6a Nichols, *The Law of Eminent Domain,* No. 27.25, at 27–62 (3rd Ed.Supp.1983).

■ We hold, therefore, that upon filing the declaration of taking and making the deposit of the estimated compensation in 1960, title vested immediately in the government. *United States v. Dow,* 357 U.S. 17, 21, 22, 78 S.Ct. 1039, 1044, 2 L.Ed.2d 1109 (1958); *Covered Wagon, Inc.* at 633, *Fulcher* at 281; *United States v. 125.2 acres in Nantucket, Mass.,* 732 F.2d 239 (1st C, 1984).

In the second step, the Taking Act also preserved the landowner's right to just compensation for the taking of his property. The statute after describing the taking section provides that:

> "and the right to just compensation shall vest in the persons entitled thereto; and said compensation shall be ascertained and awarded in said proceeding and established by judgment therein."

After providing for the taking and then for compensation, it appears clear that the

Taking Act vests title in the government prior to any requirement to notify the owner of his right to compensation.

In reaching the conclusions announced, this Court follows the holding of the majority in the case of *Fulcher v. United States*, 632 F.2d 278 (4th Cir.1980), which is the only case which has construed the Taking Act and the Quiet Title Act in the same context as is presented here. In *Fulcher*, the United States condemned property for a National Park in North Carolina following the provisions of the Declaration of Taking Act. The government erroneously gave notice to a party other than the actual landowner thereby failing to notify the real owner. The actual owner brought suit against the United States invoking the provisions of the Quiet Title Act claiming, as here, that the apparent acquisition of title by the government was void because of the notice failure.

The district court in *Fulcher* took the same position as is urged by the government here, that title vested indefeasibly in the government upon the filing of the declaration of taking and that the landowner's claim for just compensation must be filed separately pursuant to the Tucker Act, 28 U.S.C. § 1346, § 1491 rather than by utilizing the framework of the Quiet Title Act. The district court was affirmed in *Fulcher v. United States*, 604 F.2d 295 (4th Cir. 1979); however, that decision was reversed on rehearing en banc, 632 F.2d 278 (4th Cir.1980). In the en banc decision, seven of the nine members of the court held that a claim for relief, given the facts outlined, stated a cause of action pursuant to the Quiet Title Act, 28 U.S.C. § 2409a and two members dissented. Six members of the court held the government was vested with indefeasible title and three judges dissented.

In the case at bar, the district court followed the *Fulcher* majority as to the utilization of the Quiet Title Act in title construction after condemnation by the United States, but used the reasoning of the *Fulcher* minority in divesting the government of its title because of lack of notice to appellee Herring. We follow the holding of the majority in *Fulcher* in all respects in the instant case.

The majority in *Fulcher*, 632 F.2d 278, stated, "We therefore agree with the district court that the condemnation of the property pursuant to § 258a and rule 71A(c)(2) vested an indefeasible title in the government. This is manifest from the statute. It provides that on filing the declaration of taking and the deposit of the estimated compensation, 'title to the said lands in fee simple absolute ... shall vest in the United States. The condemnation is a proceeding in rem brought against the land itself. It extinguishes all previous rights and gives title to the United States good against the world.' *Norman Lumber Co. v. United States*, 223 F.2d 868, 870 (4th Cir.1955)". *Fulcher* at 281.

Having concluded that the United States acquired indefeasible title to appellee Herring's three acres when it filed its declaration of taking and deposit of estimated compensation in 1960, it must next be determined how the government's failure to give Herring adequate notice affected the 1960 proceedings, if at all. There are three alternatives.

The first is to consider the government's position that the Quiet Title Act cannot be used to afford relief to Herring either by way of divesting the United States of its ostensible title and vesting same in Herring or to determine just compensation to be paid Herring for his land. The government urges this court to hold that once it has been decided, as we have done, that the United States has indefeasible title in the land, Herring has no further remedy under the Quiet Title Act. Rather Herring must now invoke the Tucker Act in separate proceedings in the Court of Claims to have that tribunal decide what just compensation he is entitled to because of the taking of his land. 28 U.S.C. § 1346, § 1491. Or, if Herring's claim does not exceed $10,000, the claim for just compensation may be brought in the federal district court. 28 U.S.C. § 1346(a)(2). In either event, Herring has his remedy and concerns for his

lack of due process because of the inadequate notice of the 1960 proceedings are thereby dispelled.

The second alternative is to follow the decision of the district court here and the minority opinion in *Fulcher* at 286 and divest the United States of its title and quiet the title in appellee Herring because of the inadequate notice to Herring of the 1960 proceedings.

The final option, which we exercise, is to adopt the holding of the majority in *Fulcher* at 284. The majority held that in a declaration of taking case, where the government acquires indefeasible title to land, an unnotified condemnee retains an equitable lien on the land sufficient to give him a disputed property interest under the Quiet Title Act. The *Fulcher* majority, at 284, determined that,

> "Although the declaration of taking and the deposit vest title of the land in the government pursuant to § 258a, the statute preserves, rather than divests, the former owner's right to compensation. This remnant of the former owner's interest in the property bears the characteristics of an equitable lien when the owner's claim arises from the government's alleged failure to comply with Rule 71a(c)(2) and not from any fault or admission of the former owner. The equitable lien cannot be foreclosed because 258a vests in the government an indefeasible title. Nevertheless, it can be discharged by payment of just compensation to the former owner. The remedy does not alter the characteristics of the equitable lien, and it provides sufficient basis for the maintenance of a suit to quiet title".

Accordingly, in the instant case, when the United States filed its declaration of taking and made its deposit of estimated compensation in 1960, indefeasible title vested in it subject to the equitable interest in Herring to receive just compensation. This interest can be determined by the trial court without compelling Herring to begin anew in a separate proceeding invoking the Tucker Act. When Herring's just compensation is determined and paid, his equitable lien is discharged.

Herring argues, however, and the district court here and the minority in *Fulcher* so held that due process notice requirements must not be overlooked when changes in land title are involved. He suggests that even though condemnation under the Declaration of Taking Act is a proceeding in rem against the land itself, due process notice requirements still must be considered before title is vested in the government condemning authority. In fact, the minority in *Fulcher* followed by the district court here, stated that "It simply is no longer the law that the existence of in rem jurisdiction 'over the property itself' relieves of any necessity to give more than fictive notice to persons having interests in the property, in order to extinguish those interests." *Fulcher* minority at 287. *Mullane v. Central Hanover Bank and Trust Co.*, 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950).

The district court here concluded that all judicial proceedings whether in rem or in personam must first meet minimum standards of due process before they may constitutionally deprive an interested party of his rights in property. Therefore, if appellee Herring received no notice of the taking, the United States cannot acquire an indefeasible title to the land in question.

Yet, the filing of a declaration of taking does not invoke the formal processes of the judiciary nor, by itself, trigger constitutional notice requirements. The taking act establishes a separate, optional step in the condemnation process, supplemental to the main condemnation procedures outlined in Rule 71A. Indefeasible title vests in the United States upon filing the declaration of taking and making the deposit of estimated compensation. As the owner's right to compensation vests simultaneously, the declaration of taking does not entail distinct judicial proceedings akin to those involved in the main condemnation proceedings. *Covered Wagon, Inc. v. Commissioner, Internal Revenue*, 369 F.2d 629, 633 (8th Cir., 1966). The main

condemnation proceedings do invoke the formal judiciary process. The condemnee has the right to a hearing on just compensation to be awarded for the taking and to adequate notice of the hearing. The fact that the United States has taken title before the implementation of judicial condemnation procedures to determine just compensation does not violate the condemnee's due process rights in the compensation proceedings. *Travis v. United States* 287 F.2d 916, 152 Ct.Cl. 739, *cert. denied*, 368 U.S. 824, 82 S.Ct. 42, 7 L.Ed.2d 28 (1961); *City of Oakland v. United States*, 124 F.2d 959, 963–964 (9th Cir.), *cert. denied*, 316 U.S. 679, 62 S.Ct. 1106, 86 L.Ed. 1753 (1942); *United States v. 0.16 of an acre of land, more or less, situated in the County of Suffolk, State of New York, et al.*, 517 F.Supp. 1115, 1121–1122 (E.D.N.Y., 1981).

■ The failure of the United States to provide adequate notice of the valuation proceedings to appellee Herring, is certainly ineffective to extinguish his claim for just compensation. But, it has no effect on the prior vesting of title in the government following its declaration of taking. The government's acquisition of appellee's land was not invalid for lack of notice and remand should be had for further proceedings to determine just compensation. *Schroeder v. City of New York*, 371 U.S. 208 at 211 n. 5, 214, 83 S.Ct. 279, at 281 n. 5, 283, 9 L.Ed.2d 255; *Walker v. City of Hutchinson*, 352 U.S. 112 at 114 n. 3, 117, 77 S.Ct. 200 at 201, n. 3, 203, 1 L.Ed.2d 178. Appellee may raise challenges to the statutory validity of the government to condemn at his compensation hearing, *Catlin v. United States*, 324 U.S. 229, 241, 65 S.Ct. 631, 637, 89 L.Ed. 911 (1945), so he is accorded full due process rights when he has adequate notice of that hearing and the opportunity to be heard in all respects. As noted previously, appellee does not challenge the government's authority to condemn so the United States takes an indefeasible title subject to appellee's equitable lien on the property.

■ The remaining question is the amount of compensation to be awarded to Herring. The well-settled rule for determining compensation in a condemnation case is the fair market value as of the date of taking. *United States v. Reynolds*, 397 U.S. 14, 16, 90 S.Ct. 803, 805, 25 L.Ed.2d 12 (1970); *United States v. Miller*, 317 U.S. 369, 374, 63 S.Ct. 276, 280, 87 L.Ed. 336 (1943). We see no reason to depart from this rule when the government proceeds under § 258a. *See United States v. Clarke*, 445 U.S. 253, 100 S.Ct. 1127, 63 L.Ed.2d 373 (1980); *Fulcher*, at 285, n. 18. In a § 258a condemnation, the date of taking is when the declaration is filed. *United States v. Dow*, 357 U.S. 17, 23, 78 S.Ct. 1039, 1045, 2 L.Ed.2d 1109 (1958). On remand, the district court must determine compensation with interest, as of the 1960 taking.

Accordingly, we reverse and remand to the district court for further proceedings consistent with this opinion.